UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00050-KJM |
| Plaintiff, | ORDER |
| v. | |
| Alfred Villasenor, | |
| Defendant. | |

Defendant Alfred Villasenor moves for early termination of his thirty-six month term of supervised release. Mr. Villasenor's efforts toward rehabilitation and his record since release support his motion, which the court **grants**, as explained in this order. As a result, the court **terminates** Mr. Villasenor's term of supervised release.

**I.   BACKGROUND**

On August 25, 2021, following his guilty plea and conviction for possession of ammunition in violation of 18 U.S.C. § 922(g)(8), the court sentenced defendant Alfred Villasenor to a term of thirty-seven months in prison followed by a term of thirty-six-months of supervised release. *See* Judgment & Commitment at 2–3, ECF No. 97. Mr. Villasenor completed his term of imprisonment on July 5, 2022, and completed more than two years of his term of supervised release without violation or incident. *See* Mot. at 1, ECF No. 100. Mr. Villasenor

1  remains in compliance with the terms and conditions of his supervision, and no petitions to
2  revoke or modify his supervision have been filed.
3        Mr. Villasenor moves for the early termination of his supervised release.  He contends he
4  maintained full-time employment despite the revocation of his medical license, attended
5  counseling and co-parented his children.  *See id.* at 4–5.  An early termination, he says, will allow
6  him to regain his medical license and move closer to his children.  *See id.* at 5.  Along with his
7  motion, Mr. Villasenor submits letters of support from his former spouse, Rosemary Villasenor,
8  with whom he co-parents their three children, and his mental healthcare providers.  *See* Mot. Exs.
9  A, D, E, ECF No. 100-2; Reply Ex. 1, ECF No. 102-1.  The defense also represents
10 Mr. Villasenor's probation officer, United States Probation Officer Robert Gardner, supports
11 early termination of supervision.  *See* Mot. at 1.  The court understands Officer Gardner is
12 Mr. Villasenor's supervising officer who works in the Central District of California.  The court
13 has checked with its Probation Office and confirmed with this district's officer assigned to the
14 case that Probation does not oppose Mr. Villasenor's early termination.
15       The government does not dispute Mr. Villasenor's evidence or his summary of his
16 performance on supervised release, but it opposes the motion.  It argues the term the court
17 imposed at sentencing is not "harsh or inappropriately tailored."  Opp'n at 5, ECF No. 101
18 (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).  It says the nature and
19 circumstances of Mr. Villasenor's prior offenses and conviction offense demonstrate the "dangers
20 inherent in early termination of supervised release."  *Id.* at 6.  Such relief, the government
21 contends, requires "new or unforeseen circumstances," *id.* at 4 (quoting *Miller*, 205 F.3d at 1101),
22 and is a "rare occurrence," *id*.  While the government commends Mr. Villasenor's compliance, it
23 says that such behavior is expected, and not sufficient to warrant early termination of supervision
24 in his case.  *Id.* at 6.
25 **II.   LEGAL STANDARD**
26       Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release after
27 one year if "warranted by the conduct of the defendant released and the interest of justice."  The
28 court has "discretion to consider a wide range of circumstances."  *United States v. Emmett*,

1   749 F.3d 817, 819 (9th Cir. 2014).  The court is guided by several factors in 18 U.S.C. § 3553(a):
2   (1) the nature and circumstances of the offense and the defendant's history and characteristics;
3   (2) the need to afford adequate deterrence to criminal conduct, protect the public from further
4   crimes of the defendant, and provide the defendant with needed educational or vocational training,
5   medical care, or other correctional treatment in the most effective manner; (3) the kinds of
6   sentences available; (4) the sentencing range established for the defendant's crimes; (5) pertinent
7   policy statements issued by the United States Sentencing Commission; (6) the need to avoid
8   unwarranted sentence disparities among defendants with similar records who have been found
9   guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See*
10  18 U.S.C. § 3583(e)(1) (cross-referencing § 3553(a)).

     Overall, these factors concern "general punishment aims such as deterrence, rehabilitation, and proportionality."  *United States v. Bainbridge*, 746 F.3d 943, 948 n.4 (9th Cir. 2014) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  As the defense points out in reply, early termination requires neither "exceptional or extraordinary circumstances," *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), nor a showing of undue hardship, *Emmett*, 749 F.3d at 819.  It is the defendant's burden to show early termination is warranted.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

     The district court has a "duty to explain" its decision on a defendant's requests of early termination of supervised release.  *Emmett*, 749 F.3d at 820.  The court need not hold a hearing on Mr. Villasenor's motion because "the relief sought is favorable to the person and does not extend the term of probation or of supervised release."  Fed. R. Crim. P. 32.1(c)(2)(B).

**III.   ANALYSIS**

     The court finds Mr. Villasenor has met his burden of showing early termination of his supervised release is warranted, applying the standard articulated above.  It is undisputed that Mr. Villasenor fully complied with his supervised release conditions for well more than two years, and he has served his term of supervised release without incident.  Beyond mere compliance, Mr. Villasenor co-parented his children, retained full-time employment and re-integrated himself as a productive member of his community.  Mr. Villasenor offers evidence

3

documenting his employment and positive relationships with his children and former spouse. Terminating his supervised release would allow him to build on these efforts by seeking to improve his earning capacity. He also desires to increase his involvement in his children's lives and move closer to them, which is possible only if he is not subject to the travel restrictions currently imposed on him.

The government's opposition rests primarily on the nature of the underlying conviction offense and the risk Mr. Villasenor might pose if he is unsupervised. The government further contends mere compliance with the terms of current release does not warrant early termination of supervised release. To be sure, Mr. Villasenor's offense was serious. Among other things, he pointed a loaded rifle at police officers. He accepted responsibility for his offense, was sentenced to the low end guidelines sentence of thirty-seven months in custody and as noted now has served more than two years of supervised release. While substance abuse and mental health conditions did not excuse his criminal conduct, he presented at the time of sentencing with these conditions, has been subject to treatment as a condition of supervised release and has participated in treatment with apparently constructive results.

The nature and circumstances of Mr. Villasenor's conviction offense alone are not dispositive. Rather, the court must consider the additional applicable factors outlined in 18 U.S.C. § 3553(a) and may consider a wide range of relevant circumstances. The focus of those factors is an individual's present state and need for further support through supervision, if any. Mr. Villasenor's conduct since release from custody goes beyond mere compliance, as demonstrated by his proactive pro-social behavior, re-integration into his family and good employment. He expresses remorse for his actions and an ability to lawfully self-manage. The position of the Probation Office— confirming Mr. Villasenor has fully complied with all conditions, is employed and maintains meaningful family relationships—further demonstrates a reduction of risk and the appropriateness of early termination.

**IV.   CONCLUSION**

For these reasons, the court **grants** Mr. Villasenor's motion for early termination of supervised release.

1    As of the date of this order, the court **terminates Mr. Villasenor's term of supervised release** under § 3583(e)(1).  The Clerk shall serve a copy of this order on the Probation Office.

This order resolves ECF No. 100.

IT IS SO ORDERED.

DATED:  October 29, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE